UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIC MELTZER and
HAROLD FURCHTGOTT-ROTH,

Plaintiffs,

v.

WILLIAM A. WILSON,

Defendant.

Civil Action No.:

## COMPLAINT

1. The Plaintiffs, Eric Meltzer ("Meltzer") and Harold Furchtgott-Roth ("Furchtgott-Roth"), by and through their undersigned counsel, file this Complaint based on diversity against the Defendant, William A. Wilson ("Wilson"), to domesticate and enforce a judgment of the State of New York pursuant to M.G.L. c. 235, § 23A.

## PARTIES

2. Wilson is the former Manager of Founders Oneida LLC.

3. Along with Wilson, Meltzer and Furchtgott-Roth were co-members of Founders Oneida LLC.

4. Meltzer is a resident of Wayne, Pennsylvania, and is a citizen of that state.

5. Furchtgott-Roth is a resident of Chevy Chase, Maryland, and is a citizen of that state.

6. Wilson is a resident of Framingham, Massachusetts, and is a citizen of this Commonwealth.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332 and 28 U.S.C. 1367.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and the Local Rules of the United States District Court for the District of Massachusetts.

9. The actual amount in controversy in this matter exceeds $75,000.00.

## FACTS

10. Meltzer and Furchtgott-Roth commenced in the State of New York arbitration proceedings before the American Arbitration Association in March 2013 alleging that Wilson abused his fiduciary position by refusing to make nearly a million dollars of profit distributions owed to them.

11.     In the arbitration, Meltzer and Furchtgott-Roth made claims against Wilson for unjust enrichment, constructive trust, money had and received, fraud, breach of fiduciary duty, and breach of contract and they prevailed on these claims.

12.     The Arbitrator issued an Award in favor of Meltzer and Furchtgott-Roth on July 31, 2014.

13.     On April 15, 2015, the Supreme Court of the State of New York for New York County confirmed the Arbitrator's Award and issued a Judgment in favor of Meltzer and Furchtgott-Roth.

14.     On December 1, 2015, the Supreme Court of the State of New York for New York County amended the Judgment referenced in the preceding paragraph to correct interest calculations ("Final Judgment"). The Final Judgment, for which Meltzer and Furchtgott-Roth seek domestication and enforcement, is attached as Exhibit A.

15.     The Final Judgment awarded Meltzer $686,405.67 plus interest at the rate of 9% per annum from the date of August 1, 2014, as computed by the Clerk in the amount of $58,000.15, together with costs and disbursements in the amount of $183.33, as taxed by the Clerk, for the total amount of $741,679.13 and granted him execution against Wilson therefor.

16.     The Final Judgment awarded Furchtgott-Roth $467,615.50 plus interest at the rate of 9% per annum from the date of August 1, 2014, as computed by the Clerk in the amount of $44,615.50, together with costs and disbursements in the amount of $183.33, as taxed by the Clerk, for the total amount of $512,123.18 and granted him execution against Wilson therefor.

17.     The Final Judgment awarded Meltzer an additional $42,475.74 plus interest at the rate of 9% per annum from the date of August 1, 2014, as computed by the Clerk in the amount of $5,100.58, together with costs and disbursements in the amount of $183.34, as taxed by the Clerk, for the total amount of $47,759.66 and granted him execution against Wilson therefor.

## CLAIMS FOR RELIEF
### COUNT I
### (RECOGNITION OF FOREIGN JUDGMENT PURSUANT TO M.G.L. c. 235, § 23A)

18.     Meltzer and Furchtgott-Roth re-allege and incorporate their allegations contained in paragraphs 1 through 17 inclusive of this Complaint as though the same had been set forth fully herein.

19.     Meltzer and Furchtgott-Roth have obtained a final and binding judgment on Wilson.

20.     The Final Judgment is conclusive because it is enforceable in the State of New York.

21.     The State of New York has judicial procedures compatible with the requirements of due process of law and had jurisdiction over this matter.

22.     New York recognizes Massachusetts judgments.

23.     Wilson had notice of all proceedings and all proceedings were consistent with the agreement

between the parties.

24. The Final Judgment was not obtained by fraud nor does it conflict with any other judgment.

25. The action on which the Final Judgment was based – unjust enrichment, constructive trust, money had and received, fraud, breach of fiduciary duty, and breach of contract – is not repugnant to the public policy of Massachusetts.

26. Meltzer and Furchtgott-Roth are entitled to an order from this Court recognizing and enforcing the Final Judgment because the cause of action and relief sought herein complies with the requirements of M.G.L. c. 235, § 23A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an order:

1. Recognizing and enforcing the $1,301,561.97 State of New York judgment against Wilson, with interest ongoing;

2. Directing Wilson to pay Plaintiffs' costs of suit, including but not limited to reasonable attorney's fees; and,

3. Order such other further relief as the Court may deem just and proper.

                                            Respectfully submitted,

                                            Eric Meltzer and Harold Furchtgott-Roth,

                                            By their attorneys,

                                            /s/ Christian G. Samito
                                            Christian G. Samito, BBO# 639825
                                            Samito Law, LLC
                                            15 Broad Street, Suite 800
                                            Boston, MA 02109
                                            (617) 523-0144 (telephone)
                                            Christian@samitolaw.com
Date:   June 20, 2016                       www.samitolaw.com